IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| XTERA COMMUNICATIONS, INC. and MERITON NETWORKS CANADA, INC. | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | No. 2:09-cv-263 |
| TPACK A/S, | § § § | |
| *Defendant*. | § | |

## PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1. Plaintiffs Xtera Communications, Inc. ("Xtera") and Meriton Networks Canada, Inc., ("Meriton") (collectively, "Plaintiffs"), pursuant to 28 U.S.C. § 636, respectfully file this their Objections to Magistrate Judge's Report and Recommendation (the "Magistrate's Report") with regard to Defendant TPack A/S's ("TPack") Motion to Dismiss for Lack of Personal Jurisdiction and/or in Favor of Arbitration and Brief in Support (the "Motion"), and respectfully assert that the Motion should be denied because:

- the Report fails to consider, and to properly apply the law to, the alleged guaranty agreement entered into in Texas and which is to be performed in Texas; and

- the Report fails to recognize the significant distinction between the facts of this case and those set forth in the *Thousand Trails, Inc. v. Foxwood Hill Prop. Owner's Assoc, Inc.*.

Pursuant to 28 U.S.C. § 636(b)(1)(C), Plaintiffs respectfully request that the Court consider the Motion *de novo*, reject the Magistrate Judge's recommendation, and deny TPack's Motion, thereby exercising jurisdiction over TPack.

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION - PAGE 1**
4475335.4
58983.1

**Preliminary Statement**

2.  This case involves two contracts: (a) a software development agreement between Meriton and TPack (the "Software Agreement") and (b) an alleged guaranty agreement between Xtera, a Texas resident, and TPack (the "Guaranty").  The dispute between Xtera and TPack arises out of the alleged Guaranty.  However, the Report erroneously focused only on the Software Agreement.  Because the Guaranty Agreement was allegedly entered into in Texas by a Texas resident corporation, requires payment from Texas, and TPack made demand in Texas, this court may, and should, exercise personal jurisdiction over TPack in Texas.

**Argument and Authorities**

**I.   The Report fails to focus upon the alleged Guaranty.**

3.  The Report never mentions the alleged Guaranty.  Indeed the term "Contract" is defined in the Report to be the Software Agreement ("…for the development of software and services…") (Report p. 2).  Plaintiffs respectfully assert that the Report erroneously focuses only upon the Software Agreement and fails to address the Guaranty: "Here, neither of the parties who negotiated the Contract are Texas residents, the Contract was not negotiated in Texas, and no part of the Contract's performance takes place in Texas." Report, pp. 4-5.  In fact, the alleged Guaranty was purportedly negotiated by a Texas resident (Xtera's CEO, Jon Hopper), and requires performance (payment) from Texas by a Texas resident corporation.[1]  Indeed, TPack's demand for payment was sent to Xtera in Texas.[2]  Xtera should be entitled to seek redress from

---

[1]  Affidavit of Paul J. Colan ("Aff."), ¶ 6, attached as <u>Exhibit 1</u> to Plaintiffs' Response to Defendant TPack A/S's Motion to Dismiss for Lack of Personal Jurisdiction and/or in Favor of Arbitration and Brief in Support ("Plaintiffs' Response")*.; see also* <u>Exhibit B</u> to Aff; *see also* Deposition of John Jorgeson, Vol. 2, pp. 41:10-42:13, 46:14-47:25, 48:12-16, 49:17-50:11, 50:25-51:17, 54:5-55:6, 59:25-60:11, the relevant portions of which were attached hereto as <u>Exhibit 2</u> to Plaintiffs' Response.
[2]  Aff., ¶ 8; <u>Exhibit C</u> to the Aff.

courts in the state in which it is a resident and in which alleged performance would take place. That state is Texas.  Accordingly, this court should exercise personal jurisdiction over TPack.

4. TPack purposefully directed activities toward the State of Texas when it allegedly entered into the Guaranty with a Texas resident, for payment from Texas, and made demand for payment upon the resident in Texas.

5. While the acquisition of Meriton by Xtera may be a "unilateral" activity, the supposed entry into the alleged Guaranty is not.  There is no Guaranty without a bi-lateral agreement (an agreement between the parties, TPack and Xtera).  The Guaranty, if any, was the result of TPack reaching out to Xtera in Texas and Xtera allegedly agreeing to guarantee payment under the Software Agreement from Texas.  The Court may exercise specific jurisdiction over TPack because this lawsuit arises directly out of TPack's claim that it entered into an agreement with a Texas resident, for payment from Texas and its demand for payment from Xtera in Texas.[3]  TPack's attempt to impose a contractual obligation upon Xtera confers jurisdiction upon the Court.[4]  Because the Magistrate's Report failed to properly consider the Guaranty and TPack's activities in the creation and attempted enforcement of same, Plaintiffs respectfully assert that the Court should not follow the recommendation of the Magistrate and should exercise jurisdiction over TPack.

---

[3] *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Diebold Election Sys.*, 562 F.Supp.2d at 872; *Hewlett-Packard Co. v. byd:sign, Inc.*, 2006 U.S. Dist. LEXIS 70304, *9 (E.D. Tex. 2006).

[4] *See id.*; *see also Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (a single act directed at forum state can support jurisdiction if act gave rise to claim); *Mink v. AAA Development, LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action); *Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996); *O'Quinn v. World Indus. Constructors*, 874 F. Supp. 143, 145 (E.D. Tex. 1995); *Ragan & Massey, Inc. v. Voluntary Purchasing Groups, Inc.*, 2009 U.S. Dist. LEXIS 89063, *16-18 (E.D. Tex. 2009); *Harper v. OPC/Floor Blazer*, 2008 U.S. Dist. LEXIS 74062, *4 (E.D. Tex. 2008); *Mote v. Oryx Energy Co.*, 893 F. Supp. 639, 642 (E.D. Tex. 1995) (exercise of specific jurisdiction may result from a single act directed toward the forum).

## II. The *Thousand Trails* case is easily distinguished and does not apply here.

6. The Magistrate's Report cites *Thousand Trails, Inc. v. Foxwood Hill Prop. Owners Assoc., Inc.*, 1999 WL 172322 (N.D. Tex. Mar. 22, 1999) as a similar matter because the plaintiffs asserted a court had specific jurisdiction because of invoices and threats of litigation were sent to the plaintiffs' Dallas, Texas headquarters. (Report p. 5). The court found that there was no specific jurisdiction because Dallas, Texas had nothing to do with the dispute---the contract was not entered there and there was no performance required there. *Thousand Trails*, 1999 WL 172322, *8-10. The *Thousand Trails* court further held that although the invoices may have formed the basis of a live controversy, they in no way related to the merits of the dispute between the parties. *Id.* at *8.

7. This matter is distinguishable from *Thousand Trails* because it arises from more than just written invoices sent to Texas. TPack alleges that Xtera entered the Guaranty, a separate and distinct contract from the Software Agreement, when Xtera purportedly guaranteed Meriton's performance under the Software Agreement in writing. As a result, Xtera's claim for declaratory relief against TPack arises out of more than "fortuitous, insignificant contacts" because TPack purposefully reached out to Xtera in Texas, allegedly secured a Guaranty from Xtera in Texas, and then demanded performance of the Guaranty from Xtera in Texas. Significantly, TPack is seeking to hold Xtera liable for alleged damages over $1,000,000.00 in connection with the purported Guaranty, which was supposedly entered in Texas.[5] Because TPack purposefully directed significant activities toward Texas, any dispute regarding Xtera's

---

[5] Aff., ¶8, 10-11; Exhibits C, E and G to Aff.

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION - PAGE 4**
4475335.4
58983.1

alleged liability to TPack under the purported Guaranty should be adjudicated in Texas, and the Court should exercise specific jurisdiction over TPack.[6]

## Conclusion and Request for Relief

8. The Defendants respectfully request that the Court make a *de novo* determination of the jurisdictional issues presented, reject the Magistrate Judge's recommendation, and exercise specific jurisdiction over TPack.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and/or in Favor of Arbitration and grant Plaintiffs such other and further relief to which they may show themselves justly entitled.

                                                                                Respectfully submitted,

By:    /s/ Richard A. Illmer
          Richard A. Illmer
          State Bar No. 10388350
          Kevin Koronka
          State Bar No. 24047422

**BROWN MCCARROLL, L.L.P.**
2001 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (fax)

---

[6] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (a single act directed at forum state can support jurisdiction if act gave rise to claim); *Mink v. AAA Development, LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action); *Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996); *O'Quinn v. World Indus. Constructors*, 874 F. Supp. 143, 145 (E.D. Tex. 1995); *Ragan & Massey, Inc. v. Voluntary Purchasing Groups, Inc.*, 2009 U.S. Dist. LEXIS 89063, *16-18 (E.D. Tex. 2009); *Harper v. OPC/Floor Blazer*, 2008 U.S. Dist. LEXIS 74062, *4 (E.D. Tex. 2008); *Mote v. Oryx Energy Co.*, 893 F. Supp. 639, 642 (E.D. Tex. 1995) (exercise of specific jurisdiction may result from a single act directed toward the forum); *Diebold Election Sys.*, 562 F.Supp.2d at 872; *Hewlett-Packard Co. v. byd:sign, Inc.*, 2006 U.S. Dist. LEXIS 70304, *9 (E.D. Tex. 2006).

Deron R. Dacus
State Bar No. 00790553
DeLeith Duke Gossett
Bar No. 24036662

**RAMEY & FLOCK, P.C.**
100 East Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (fax)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

_____   Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

_____   Hand-delivered by courier receipted delivery.

_____   Forwarded by next day receipted delivery service.

_____   Communicated by telephonic document transfer to the recipient's current telecopier number.

\_\_X\_\_   Electronic Service via the Eastern District of Texas Electronic Case Filing System (ECF).

to:

| | |
|---|---|
| Paul A. Alsdorf *(pro hac vice)* | Daniel Mark Jochnowitz |
| Thomas B. Mayhew *(pro hac vice)* | LAW OFFICES OF DANIEL JOCHNOWITZ |
| FARELLA BRAUN & MARTEL, LLP | 2715 Padina Drive |
| 235 Montgomery Street, 17th Floor | Austin, Texas 78733 |
| San Francisco, California 94104 | 512-265-7345 Phone |
| 415-954-4400 Phone | 512-263-7236 Fax |
| 415-954-4480 Fax | danjochnowitz@aol.com |
| palsdorf@fbm.com | |
| tmayhew@fbm.com | |

on this 15th day of September, 2010.

/s/ Richard A. Illmer
