# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| XTERA COMMUNICATIONS, INC. AND | § | |
| MERITON NETWORKS CANADA, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:09-CV-263-TJW-CE |
| | § | |
| TPACK A/S | § | |

## ORDER

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge (Dkt. No. 31), which contains his recommendation that the court grant the defendant TPACK A/S's ("TPACK") motion to dismiss for lack of personal jurisdiction (Dkt. No. 9), has been presented for consideration.

On September 15, 2010, the plaintiffs Xtera Communications, Inc. ("Xtera") and Meriton Networks Canada Inc. ("Meriton") filed objections to the report and recommendation. (Dkt. No. 32). The plaintiffs object that the report and recommendation fails to focus upon the alleged "Guaranty." According to the plaintiffs, the communication between TPACK and Xtera regarding Meriton's alleged breach of contract may have created a Guaranty. The plaintiffs argue that the Guaranty is a separate and distinct contract that was negotiated in Texas, and thus gives rise to specific jurisdiction. The alleged Guaranty, however, is predicated on the unilateral activities of the declaratory plaintiffs arising out of the purchase of Meriton's shares by a Texas resident. The underlying contract was not performable in Texas and was not formed in Texas. The Guaranty itself is based on a representation that was sent *from* Texas *to* TPACK. Assuming, *arguendo*, that Xtera's communication to TPACK created a contractual Guaranty, this alone is not sufficient to support personal jurisdiction. The Supreme Court has explained:

> If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot. . . . Instead, we have emphasized the need for a "highly realistic" approach that recognizes that a "contract" is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." It is these factors–prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing–that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79 (1985) (emphasis in original) (citations omitted). In this case, the alleged Guaranty arises out of a demand on the underlying contract. TPACK and Xtera did not enter into a relationship wherein TPACK availed itself of the privilege of doing business in Texas. As such, TPACK has not established contacts with Texas sufficient to support personal jurisdiction.

The court is of the opinion that the conclusions of the Magistrate Judge are correct. Therefore, the court adopts, in its entirety, the report of the United States Magistrate Judge as the conclusions of this court. Accordingly, the defendant's motion to dismiss is GRANTED. This case is DISMISSED without prejudice for lack of personal jurisdiction.

SIGNED this 18th day of October, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE